IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Taneshia Laverne Middleton, ) | Case No. 8:15-cv-00299-BHH-JDA |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Carolyn W. Colvin, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the Commissioner's motion to dismiss Plaintiff's Complaint as barred by the applicable statute of limitations. [Doc. 27.] Plaintiff is proceeding pro se. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this magistrate judge is authorized to review all motions to dismiss in actions filed under 42 U.S.C. § 405(g) for review of an administrative determination regarding entitlement to benefits under the Social Security Act ("the Act") and to submit findings and recommendations to the District Court.

Plaintiff filed this action on January 22, 2015, challenging the denial of disability benefits by the Social Security Administration ("SSA"). [Doc. 1.] On the same day, Plaintiff moved to have the filing date amended to January 14, 2015, because Plaintiff attempted to file the Complaint on January 14, 2015 but the Clerk of Court returned it to Plaintiff due to the lack of filing fee or a Form AO 240. [Doc. 4; *see* Doc. 1-2 at 1.] On July 2, 2015, the Commissioner filed a motion to dismiss Plaintiff's Complaint as untimely. [Doc. 27.] Plaintiff filed a response in opposition on July 24, 2015. [Doc. 32.] Accordingly, the Commissioner's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Statute of Limitations**

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Judicial review of final decisions on claims arising under Title II or Title XVI of the Act is provided for and limited by section 205(g) of the Act, 42 U.S.C. § 405(g), which states in pertinent part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a

> civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . .

42 U.S.C. § 405(g).  The 60-day limit in which to file a civil action is a statute of limitations and a condition on the waiver of sovereign immunity that must be strictly construed. *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986).  The regulations state that a plaintiff "may file an action in a Federal district court within 60 days after the date [he] receive[s] notice of the Appeals Council's action." 20 C.F.R. §§ 404.981, 416.1481.  The date of receipt is presumed to be five days after the date on the notice, unless there is a "reasonable showing to the contrary."  *See id.* §§ 404.901, 416.1401, 422.210(c).  The Social Security regulations provide that the time limit for filing a civil action may be extended by the Appeals Council "upon a showing of good cause." *Id*. § 422.210(c).  The 60–day requirement is not jurisdictional and is subject to equitable tolling. *See Bowen*, 476 U.S. at 481; *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986).  However, equitable tolling must be justified by exceptional circumstances.  *Hyatt*, 807 F.2d at 378.

## DISCUSSION

The Notice of Appeals Council Decision in this case is dated November 13, 2014. [R. 1.]  Thus, Plaintiff is presumed to have received the Notice of Appeals Council Decision on November 18, 2014, and her 60-day time limit to file a civil suit began to run on that

date, making her deadline to file a civil action January 20, 2015.[*]  Plaintiff did not commence this action until January 22, 2015.  [Doc. 1.]

The Commissioner, relying on *Bowen*, argues that the statute of limitations must be strictly construed.  [Doc. 27-1 at 3–4.]  The Commissioner contends Plaintiff did not seek an extension of the deadline from the Appeals Council and has presented no circumstances to justify equitable tolling of the 60-day requirement in the instant case.  [*Id.* at 4.]  Plaintiff, however, argues that she originally mailed her Complaint to the Court on January 12, 2015; on January 14, 2015, the Clerk of Court returned Plaintiff's Complaint, advising her that she either needed to submit a filing fee or proceed in forma pauperis; and, on January 20, 2015, Plaintiff mailed her civil action back to the Court via priority mail.  [Doc. 32 at 1–3; *see* Doc. 32-1 at 1, 4, 5.]

Upon considering the facts of this case, the Court finds that fairness concerns underlying the regulations support equitable tolling in this case.  Plaintiff clearly attempted to timely commence this civil action but was mistaken as to the process of opening a case.  Once notified of her deficiencies, Plaintiff quickly re-filed her Complaint and commenced this action.  Plaintiff's attempt to make a timely filing was hampered by a mistake in procedure, and the Court finds that the "equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate."  *See Bowen*, 476 U.S. at 480 (clarifying when a court, as opposed to the SSA, may apply equitable tolling).

---

[*]Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when calculating time, the last day of the period must be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Because the one-year limitations period expired on Saturday, January 17, 2015, and Monday, January 19, 2015, was a legal holiday, Plaintiff had until January 20, 2015 to file a civil action.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the Commissioner's motion to dismiss be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

September 10, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).