IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Taneshia Laverne Middleton, | ) | Civil Action No.: 8:15-cv-299-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Taneshia Laverne Middleton ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin, for pretrial handling. On July 2, 2015, the Commissioner moved to dismiss Plaintiff's Complaint as untimely. (ECF No. 27.) The Magistrate Judge found equitable tolling to be appropriate under the circumstances and recommended denying the motion to dismiss in her first Report and Recommendation issued on September 10, 2015. (ECF No. 35.) This Court adopted the Report on October 8, 2015. (ECF No. 39.)

The parties then submitted their briefs regarding the Commissioner's decision to deny Plaintiff's claim for DIB and SSI. On August 5, 2016, the Magistrate Judge issued a Report in which she determined that Plaintiff did not show that the Commissioner's

decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Accordingly, the Magistrate Judge recommended affirming the Commissioner's decision. (ECF No. 47.) Plaintiff filed Objections on August 17, 2016. (ECF No. 49.) However, as with her briefs to the Magistrate Judge, Plaintiff's objections fail to allege any error by the ALJ. Rather, her unintelligible objections appear to relate to the Commissioner's motion to dismiss, which the Court denied on October 8, 2015.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

Because there are no specific, articulated objections to the Report at issue, the Court has reviewed the Magistrate Judge's findings for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (In the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"). The Court concurs in the recommendation of the Magistrate Judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and Recommendation, incorporating it herein by reference. The decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED.**

<u>s/Bruce Howe Hendricks</u>
United States District Judge

August 19, 2016
Greenville, South Carolina